WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Buffington, | No. CV-23-08018-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

On January 30, 2023, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On September 6, 2023, Magistrate Judge Bibles issued a report and recommendation ("R&R") concluding that the Petition should be denied. (Doc. 14.) Afterward, Petitioner filed objections to the R&R (Doc. 21) and Respondents filed a response (Doc. 22). For the following reasons, the Court overrules Petitioner's objections, adopts the R&R, and terminates this action.

I.  Legal Standard

A party may file written objections to an R&R within 14 days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3). "In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

II. <u>Analysis</u>

Having reviewed *de novo* the detailed and well-reasoned R&R, as well as Petitioner's objections and Respondents' response, the Court adopts the R&R and agrees with its conclusion that the Petition should be denied. *Ramos*, 65 F.4th at 433-34.

The R&R identifies multiple independent reasons why Petitioner is not entitled to relief under § 2254, and the Court will focus on one of those reasons (which should not be

viewed as a sign of disagreement with the R&R's other reasons) because it is dispositive. The theory underlying all of Petitioner's grounds for relief is that the Arizona courts misinterpreted Arizona law during the course of Petitioner's prosecution. But as R&R correctly notes, such "claims are not cognizable in a federal habeas action . . . [and the] use of the term due process does not transform his claims regarding the state trial and appellate court[s'] interpretation of state statutes into a cognizable claim of a violation of a federal constitutional right." (Doc. 14 at 17, citation omitted.) The R&R cites multiple Supreme Court and Ninth Circuit decisions recognizing and applying this principle. (*Id.* at 17-19.)

In his objections, Petitioner acknowledges "that statutory interpretation is *usually* the province of state courts" but cites *Wisconsin v. Mitchell*, 508 U.S. 476 (1993), for the proposition that "the unconstitutional effect of a state court's statutory interpretation is indeed the province of federal courts in Habeas. [Petitioner's] claims in Ground 1, 2, and 3 all come down to the Arizona Court of Appeals['] faulty interpretation of a state statute in the sense of defining the meaning of the words and phrase as a whole as it relates to the required mens rea, which is within a federal court's purview under *Mitchell*." (Doc. 21 at 8.) Additionally or alternatively, Petitioner argues that because the "state court's misapplication of its own sentencing laws" resulted in a "fundamentally unfair" sentencing, this also shows that his habeas claims are cognizable. (*Id.* at 8-9.) But these arguments fail for the reasons stated by Respondents. (Doc. 22 at 5-6.)[1] As the Supreme Court has "long recognized," "a mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 221 (2011) (cleaned up). *See also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("Langford may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of

---

[1] More specifically, Respondents contend: "*Mitchell* does not support [Petitioner's] claim. In *Mitchell*, the Court recognized it was bound by state court interpretations of a 'particular statutory word or phrase,' but it was not bound by a state court's characterization of the 'practical effect' of the statute. . . . Unlike the state court in *Mitchell*, here the state court specifically construed the meaning of a particular statutory word or phrase to determine which elements of the offense the word 'knowingly' applied to. Federal courts are bound by that interpretation, and therefore, [Petitioner's] claims are non-cognizable on habeas review. . . . [Also], a petitioner does not 'transform' a claim of error in application of state law into a federal habeas claim simply by asserting that the error constitutes a violation of their federal constitutional rights." (Doc. 22 at 5-6, citations omitted.)

state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (citation omitted).

Accordingly, **IT IS ORDERED** that:

1. Petitioner's objections to the R&R (Doc. 21) are **overruled**.

2. The R&R (Doc. 14) is **accepted**.

3. The Petition (Doc. 1) is **denied**.

4. A certificate of appealability and leave to proceed *in forma pauperis* on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right and because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 16th day of November, 2023.

Dominic W. Lanza
United States District Judge